UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 2:05-cr-53
                                              HON. GORDON J. QUIST

ROBERT FABER,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Robert Andrew Faber is charged in a two-count indictment with knowingly and unlawfully receiving images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(2); 2252(b)(1) and 2256, and knowingly and unlawfully possessing images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. §§ 2252(a)(4)(b); 2252(b)(2) and 2256. On September 29, 2009, defendant filed a Motion to Suppress Statements and Memorandum in Support (Docket #24). The government's response to defendant's motion to suppress was filed on October 27, 2009 (Docket #27). An evidentiary hearing was scheduled for November 12, 2009 (see Docket #26). On November 4, 2009, an unopposed motion to adjourn the hearing set on the motion to suppress statements was filed by the defendant (Docket #29). The motion was granted (see Docket #30). Thereafter, on November 18, 2009, the government filed an unopposed motion for psychiatric or psychological examination of the defendant (Docket #34). On November 23, 2009, an order was issued for psychiatric or psychological examination of defendant to determine whether or not defendant was competent to stand trial (Docket #36). In addition, an ends of justice continuance was entered (Docket #37).

On March 18, 2010, a hearing was held at which it was determined that defendant was competent to proceed. A hearing was then held on defendant's motion to suppress statements on March 22, 2010. Testifying at the hearing were former Detective Sergeant Dennis Dufek and FBI Special Agent Jay Johnston.

Detective Sergeant Dufek testified that defendant was interviewed on January 3, 2003, following the search and seizure of computers at his residence. The undersigned watched a video of that interview, which was approximately one hour long. Defendant has not sought to suppress the statement or statements made at the January 2003 interview. Moreover, there is no indication that defendant's rights were violated during the course of that interview.

The testimony of Dufek indicated that an analysis of the computers seized in January of 2003 disclosed that child pornography was found on those computers. The FBI, and specifically Special Agent Jay Johnston, was contacted and became involved in the investigation of defendant. It was determined that a confidential informant would be utilized during the investigation. That confidential informant wore a wire to an April 16, 2003, lunch meeting with defendant at the Chip-In Casino and the conversation was recorded. During the course of that lunch conversation, incriminating statements were made by defendant. After defendant left the lunch meeting, he was met in the casino by Dufek and Johnston who asked defendant if he would go to the tribal police department for an interview. Both Dufek and Johnston indicated that defendant was told he was not required to go and was not under arrest. In addition, both Dufek and Johnston told defendant he was free to leave at any time. Defendant was advised of his *Miranda* rights and executed a waiver of those rights. See Government's Exhibit 3. According to the testimony of Dufek and Johnston, defendant never requested an attorney, never attempted to stop the interview, and never asked to

leave the interview. Dufek testified that the interview was voluntary and not in any way coercive. The interview occurred at 1:00 p.m. on April 16, 2003, and lasted approximately 45 minutes. During the course of this interview, defendant allegedly gave a full confession. It is this April 16, 2003, statement that defendant seeks to suppress. Defendant did not testify at the hearing and the testimony of Dufek and Johnston went unrebutted.

Pursuant to the landmark decision in *Miranda v. Arizona*, 384 U.S. 436 (1966), an individual who is in custody and subject to interrogation is entitled to be informed of his *Miranda* rights, which includes the right to counsel. Defendant must be informed of his *Miranda* rights if he is in custody and subject to interrogation. To determine whether or not the defendant is in custody, the Court is required to look at the totality of the circumstances to determine whether or not the defendant's freedom of action has been restrained in a significant way. *See Oregon v. Mathiason*, 429 U.S. 492 (1977). Factors which can be considered include the length of the detention, the physical surroundings, whether the suspect believed his freedom was significantly restricted, the amounts and kinds of pressure placed upon the defendant by police officers, the location of the questioning, and the physical surroundings. *See United States v. Panak*, 552 F.3d 462, 465 (6th Cir. 2009). In the case before the Court, the unrebutted evidence presented at the hearing establishes that defendant Faber was not in custody at the time he was questioned on April 16, 2003. Defendant was told he was free to leave and no coercive methods were utilized. The interrogation was short and all indicia indicate it was voluntary. Accordingly, it is the undersigned's recommendation that the motion to suppress statements should be denied because defendant was not in custody on April 16, 2003, and, therefore, there was no obligation to comply with the requirements of *Miranda*.

In addition, if the Court were to conclude that defendant was in custody and interrogated, it is the undersigned's further recommendation that the Court find defendant was fully advised of his rights and waived those rights. The testimony at the hearing indicated that defendant was fully advised of his rights. In addition, a waiver was reviewed with defendant and defendant executed the waiver. See Government's Exhibit 3. The government bears the burden of proving by preponderance of the evidence that defendant's waiver was voluntary. *See Lego v. Twomey*, 404 U.S. 477, 489 (1972); *North Carolina v. Butler*, 441 U.S. 369 (1979). In determining whether or not the waiver was voluntary, the Court is required to look at the totality of the circumstances to determine whether or not the police officers engaged in coercive conduct during the interrogation and whether or not the coercive conduct resulted in the incriminating statements. *See Colorado v. Connelly*, 479 U.S. 157 (1986). Factors which should be considered are the location of the questioning, whether *Miranda* warnings were given, the number of interrogators, the length of questioning, whether or not the defendant was denied food, water or toilet facilities, and whether the police used threats, promises, lies or tricks. It is my recommendation that should the Court be required to address this issue, it find that defendant's confession was voluntarily given following a valid waiver of *Miranda* rights. The unrebutted testimony of record indicates that during the short interrogation, defendant was repeatedly advised that it was a voluntary questioning and that he was free to leave at any time. Defendant was advised he was not under arrest and was fully informed of his rights under *Miranda*. Following being informed of those rights, defendant executed a valid waiver.

Accordingly, for the reasons stated above, it is respectfully recommended that defendant's Motion to Suppress Statements and Memorandum in Support (Docket #24) be denied.

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 14, 2010

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than 14 days from the filing of this Report and Recommendation. *See* W.D. Mich. L.Cr.R. 11.1(d).